IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RICKEY BACCUS TAYLOR, #1291942 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv43 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Rickey Baccus Taylor, an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Collin County conviction for aggravated sexual assault of a child and indecency with a child, Cause No. 401-80591-03. On February 25, 2005, a jury found him guilty and sentenced him to twelve and ten years of imprisonment, respectively, and a $10,000 fine in each cause. The Fifth Court of Appeals affirmed his conviction on June 7, 2006. *Taylor v. State*, Cause No. 05-05-00457-CR. While Petitioner did not file a petition for discretionary review, he filed a state habeas corpus application, which, on November 26, 2008, the Texas Court of Criminal Appeals denied without written order.

The present petition for a writ of habeas corpus was filed on January 30, 2009. Petitioner urges that he is entitled to relief based on ineffective assistance of counsel because his trial counsel failed to file a motion in limine and failed to object to certain testimony, the jury charge, and the prosecutor's argument. The Government filed a Response, asserting that Petitioner's issues are without merit. Petitioner filed a Reply to the Government's Response.

1

Statement of Facts

The Fifth Court of Appeals sets out the factual background of this case:

> Taylor was charged after his twelve year old stepdaughter, A.D., disclosed to her school liaison officer that Taylor had "sexually harassed" her. In a single indictment, the State alleged in Count I that on or about November 1, 2001 Taylor (a) penetrated A.D.'s sexual organ with his sexual organ and (b) caused A.D.'s sexual organ to contact his sexual organ. *See* Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i),(iii), (2)(B) (Vernon Supp. 2005). In Count II, the State alleged that on or about November 1, 2001 Taylor also engaged in sexual contact with A.D. by (a) having A.D.'s hand touch his genitals, (b) touching A.D.'s genitals with his hands, and (c) touching A.D.'s breasts with his hands. *See id.* § 21.11(a)(1),(c) (Vernon 2003).
>
> At trial, A.D. testified that she was about seven years old when her mother married Taylor. During the first few years, Taylor "treated her like a daughter" but as she approached adolescence he started "doing things [she] didn't like." A.D. testified that the abuse began with "inappropriate touching" and escalated over the course of two years to his undressing himself on two different occasions and "positioning" her, also undressed, "facing him on his lap with her legs wrapped around him." According to A.D., "multiple instances" of touching occurred during the two-year period and, although she could not recall whether penetration actually occurred, there was at a minimum mutual contact of the sexual organs twice. Testifying in his defense, Taylor denied the allegations.

*Taylor*, slip op. No. 05-05-00457-CR, at *1. (2006 WL 1545226)

Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course

of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). The state court's presumption of correctness is especially strong where the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 454 (5th Cir. 2001) (rev'd no other grounds, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003)). The presumption of correctness applies not only to express findings of fact, but also to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez,* 274 F.3d at 948 n. 11.

## Ineffective Assistance of Trial Counsel

Petitioner asserts that he is entitled relief based on ineffective assistance of trial counsel.

<u>Legal Standard</u>

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id*., 446 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see*

4

*also Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693; 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. 466 U.S. at 697; 104 S. Ct. at 2069.

Failure to Object

Petitioner asserts that his trial counsel was ineffective for failing to object in several instances. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

*Failure to Object to Testimony Using the Word, "victim"*

Petitioner claims that his trial counsel was ineffective for failing to object to testimony referring to the complaining witness as the "victim" or filing a motion in limine concerning this

5

issue. The state habeas court addressed this issue and made the following findings of fact:

    3.    Applicant was represented at trial by the Honorable Donald McDermitt, known to this Court as an experienced and competent criminal attorney.

    4.    Mr. McDermitt provided an affidavit to Applicant's writ counsel ("McDermitt's Affidavit for Applicant") and a separate affidavit to this Court ("Applicant's 3/29 Affidavit") concerning his representation of Applicant.

    5.    In his affidavits, McDermitt sometimes second-guesses his trial decisions and says that, "in retrospect," he "should have" done some things differently. But ineffective assistance is an objective standard, and an attorney's trial decisions are not judged in hindsight. *See Thompson*, 9 S.W.3d at 816, n. 2 (Meyers, J., dissenting); *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). Therefore, McDermitt's after-the-fact, subjective assessment of his performance is not determinative of whether he was in fact ineffective. *See Pineda v. State*, 2 S.W.3d 1, 6 (Tex. App–Houston [1st Dist.] 1999, pet. ref'd).

    . . .

    8.    Sergeant Gerald Burke testified at applicant's trial, and a few times during his testimony, he or the prosecutor referred to Ashley as the "victim."

    9.    McDermitt did not a file a motion in limine concerning the term "victim."

    10.    A motion in limine would not have assured that the word "victim" was not used during trial.

    11.    McDermitt was not deficient for failing to file a motion in limine concerning the term "victim." *See Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.–Houston [14th Dist.] 1997, no pet.); *Ryan v. State*, 937 S.W.2d 93, 104 (Tex. App.–Beaumont 1996, pet. ref'd); Briers v. State, No. A14-90-01147-CR, 1992 WL 179543, at *3 (Tex. App.–Houston [14th Dist.] July 30, 1992, no pet.).

    12.    Applicant was not harmed by McDermitt's failure to file a motion in

limine concerning the term "victim" because Applicant has not shown how a motion in limine concerning the term "victim" would have benefitted him and he has not shown that, but for McDermitt's failure to file the motion, he would not have been convicted.

13. At trial, McDermitt did not object to the use of the term "victim."

14. McDermitt decided not to object to the use of the term "victim" because Burk came across as a "good ole boy" and Burk did not want to be perceived as "picking on him."

15. It is a reasonable trial strategy to avoid a perception by the jury that you are "picking on" a witness. *See Henderson v. State*, 704 S.W.2d 536, 538 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd) (whether to object to evidence is a matter of trial strategy).

16. McDermitt's decision not to object to the use of the term "victim" was a reasonable trial strategy.

17. The term "victim" is not inherently prejudicial or manifestly improper. *See Casey v. State*, 215 S.W.3d 870, 886-87 (Tex. Crim. App. 2007); *Ex parte Munson*, No. 08-04-00121-CR, 2005 WL 3074683, *4 (Tex. App.–El Paso Nov. 17, 2005, pet. ref'd); *Anderson v. State*, No. 03-00-0074-CR, 2001 WL 660931, at *4 (Tex. App.–Austin June 14, 2001, no pet.) (not designated for publication).

18. McDermitt was not deficient for failing to object to the use of the term "victim."

19. The jury was effectively instructed by the trial court, the prosecutor, and MCDermitt that it was the exclusive judge of Ashley's credibility.

20. There is no evidence to suggest the jury did not following the instructions.

21. The use of the term "victim" did not determine the jury's assessment of Ashley's credibility. *See Torres v. State*, No. 04-98-00594-CR, 1999 WL 89934, at *4-5 (Tex. App.–San Antonio Feb. 24, 1999, no pet.).

22. Applicant was not harmed by McDermitt's failure to object to the use

of the term "victim" because Applicant has not proved that, but for McDermitt's failure to object to the use of the term, he would not have been convicted.

*Ex parte Taylor*, Application No. 66,604-01, at *179-181.

Petitioner has not shown that, had counsel either objected or filed a motion in limine as to the use of the word, "victim," he would not have been convicted. Moreover, counsel explained that he chose not to object because Burk was coming across as a good guy; thus, objections to Burk referring to the child as the "victim" might have appeared to be "picking" on Burk, causing the jury to disfavor Petitioner's defense. Trial counsel's strategic choices are virtually unchallengeable after a thorough investigation into the law and the relevant facts are made. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. Moreover, Texas courts have found that the use of language stronger than "victim" is not reversible error. *See, e.g., Lopez v. State*, 162 Tex. Crim. 454, 286 S.W.2d 424, 425 (Tex. Crim. App. 1956); *Jones v. State*, 900 S.W.2d 392, 397 (Tex. App.–San Antonio, pet. ref'd). The CCA rejected the same issue when it denied his state application for habeas corpus relief. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152.

Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not rebutted the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has failed to prove that counsel's decision not to object was not trial strategy. Moreover, he has not shown that trial counsel performed deficiently, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S.

at 694, 104 S. Ct. at 2068. This issue is meritless.

*Failure to Object to Testimony Concerning Complainant's Credibility*

Petitioner next asserts that several witnesses for the State gave testimony that vouched for the complaining witness's credibility. The state habeas court found the following:

> 23. SANE nurse Carol Goldberg did not give a direct opinion on Ashley's truthfulness.
>
> 24. When Goldberg agreed that she believed from Ashley's oral history that "something happened," she was not offering a direct opinion on Ashley's truthfulness.
>
> 25. The jury was able to understand this statement in the context it was made.
>
> 26. The jury was able to understand that Goldberg's job was to perform SANE examinations upon receiving a referral, and it was able to understand this statement as Goldberg's explanation of why she was carrying out her job and performing the SANE examination on Ashley.
>
> 27. Forensic interviewer Concepcion Palmer did not give a direct opinion on Ashley's truthfulness.
>
> 28. When Palmer stated that Ashley was able to give her consistent answers during questioning, she was not giving a direct opinion of Ashley's truthfulness.
>
> 29. The jury was able to draw its own conclusion of Ashley's truthfulness from the statement. *See Schutz v. State*, 63 S.W.3d 442, 445-56 (Tex. Crim. App. 2001).
>
> 30. When Palmer told the prosecutor that during her interview with Ashley she developed a timeframe for the sexual abuse, she was not giving a direct opinion on Ashley's truthfulness.
>
> 31. The jury was able to understand that she was relaying what was on the videotape of the interview.

9

32. CPS investigator Michelle Hiza did not give a direct opinion of Ashley's truthfulness.

33. The prosecutor and McDermitt effectively clarified that when Hiza referred to sexual abuse CPS had found, she had misspoken.

34. The jury was able to understand that Hiza had misspoken.

35. A motion in limine would not have assured that these statements of Goldberg, Palmer, and Hiza would not be made.

36. McDermitt was not deficient for failing to file a motion in limine concerning these statement or to object to these statements at trial.

37. The jury was effectively instructed by the trial court, the prosecutor, and McDermitt that it was the exclusive judge of Ashley's credibility.

38. There is no evidence to suggest the jury did not follow the instructions.

39. Applicant was not harmed by the statements of Goldberg, Palmer, or Hiza.

40. Applicant was not harmed by McDermitt's failure to file a motion in limine or to object at trial to Goldberg's, Palmer's, or Hiza's statements because Applicant has not shown that, but for McDermitt's failure to file the motion or to object to the statements, he would not have been convicted.

*Ex parte Taylor*, Application No. 66,604-01, at *181-82. Petitioner fails to show the state habeas court's findings and conclusions are unreasonable. He has also failed to show that counsel's performance was deficient. In Texas, expert testimony that a particular witness is truthful is not admissible under Rule 702. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). An expert may not offer a direct opinion on the truthfulness of a child complainant's allegations. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). An expert is not allowed to give an opinion that the complainant or class of persons to which the complainant belongs, i.e., child sexual assault

victims, is truthful. *Yount*, 872 S.W.2d at 712; *cf. Schutz*, 957 S.W.2d at 70 (testimony concerning children's ability to accurately perceive or remember is allowed, but not a particular child's tendency to do these things). Experts on child sexual abuse "are not human lie detectors. Nor are they clairvoyant." *Yount*, 872 S.W.2d at 710. However, Texas allows expert testimony in these cases as long as the expert does not give a direct opinion about the truthfulness of a complainant. *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993). Petitioner has not shown that the expert testimony about which he complains provided a direct opinion concerning Ashley's truthfulness; thus, counsel cannot be found to be ineffective for failing to object.

The CCA rejected the same issue when it denied his state application for habeas corpus relief. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not rebutted the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has failed to prove that his trial counsel performed deficiently, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is meritless.

*Failure to Object to Jury Charge*

Petitioner asserts that his trial counsel was ineffective for failing to object that the jury instructions on Count II of the indictment allowed the jury to return a non-unanimous verdict of guilty. Specifically, Petitioner complains that the jury charge authorized conviction for indecency by contact without requiring the jury to agree on whether Petitioner caused Ashley's hand to touch part of his genitals or whether his hand touched part of her genitals or whether his hand touched her

11

breast. A review of the history of this case reveals that the state habeas court found that counsel had performed deficiently – he should have objected to the jury charge. However, the Court of Criminal Appeals (CCA) found that "the record does not support the trial court's conclusion that [Petitioner] was harmed by counsel's failure to object to the jury charge relating to the indecency with a child offense."

The CCA determined that trial counsel's performance did not prejudice Petitioner, but did not elaborate on its reasoning. However, the Fifth Circuit, in *Hoover v. Johnson*, 193 F.3d 366, 369 (5th Cir. 1999), noted that the United States Supreme Court "has not held that the Constitution imposes a jury unanimity requirement." (Citing *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 1712, 143 L. Ed.2d 985 (1999); *see also Johnson v. Louisiana*, 406 U.S. 356, 366, 92 S. Ct. 1620, 1635, 32 L. Ed.2d 152, 162 (1972) (Powell, J., concurring) (noting that "in criminal cases due process of law is not denied by a state law [that] dispenses with . . . the necessity of a jury of twelve, or unanimity in the verdict."). The Fifth Circuit goes on to note in its consideration of the *Richardson* case, that the Supreme Court has not expounded "a constitutional requirement that state-court juries must agree to a single act that satisfies the overt act element of the relevant crime, and then identify that act in a special ballot." *Hoover*, 193 F.3d at 369-70. Accordingly, although Petitioner is complaining about his federal constitutional right to effective assistance of counsel, his specific complaint is that counsel was ineffective for failing to object to a state-created right of a jury unanimity requirement. The CCA, interpreting the laws of Texas, found that Petitioner was not prejudiced by counsel's failure to object. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle*, 502 U.S. at 67-68, 112 S. Ct. at 479-80; *West*, 92 F.3d at 1404. In deciding that Petitioner was not prejudiced by trial counsel's performance, the CCA implicitly found that the jury charge did not violate the state constitutional guarantee of a unanimous verdict. When reviewing state proceedings, a federal court does not sit as a super state appellate court, *Dillard*, 780 F.2d at 513. The Fifth

Circuit has repeatedly held that it is not the function of a federal court in a habeas proceeding to review a state's interpretation of its own law, deferring instead, to the state court's interpretation of its statute. *Weeks v. Scott*, 55 F.3d 1059. 1063 (5th Cir. 1995).

Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. The CCA rejected this issue when it denied his state application for habeas corpus relief, and Petitioner has not shown that he received ineffective assistance of counsel – that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

*Failure to Object to Prosecutor's Argument*

Petitioner contends that trial counsel was ineffective in failing to object when the prosecutor asked the jury to consider that Petitioner's wife, Katrina, did not testify in his behalf, and to infer that her testimony would not have been helpful to him. Specifically, Petitioner claims the prosecutor's argument was improper because, under the Texas Rules of Evidence, "she could not have testified that the complainant was making up the allegation or that petitioner 'would never do something like that.'" The state habeas court made the following findings and conclusions:

> 88. When the prosecutor asked in argument why Applicant had not called Katrina to testify, she did not intend that Katrina would literally testify "Ashley is a liar" or "Ashley is making this up" or "Applicant would never do anything like that."
>
> 89. The prosecutor was responding to Applicant's testimony that Katrina had been with him or knew about his explanatory interactions with Ashley.

13

90. The prosecutor's argument was proper as a summation of the evidence or a reasonable deduction from the evidence. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

91. If McDermitt had objected to the argument, his objection would not have been sustained.

92. McDermitt was not deficient for failing to object to the argument. *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (noting trial counsel is not ineffective for failing to make futile requests); *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (isolated failure to object to improper argument does not constitute ineffective assistance of counsel).

93. Applicant was not harmed by McDermitt's failing to object to the argument because he has not shown that, but for McDermitt's failing to object, he would not have been convicted.

*Ex parte Taylor*, Application No. 66,604-01, at *186-87.

Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id*. at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Moreover, the burden is on the habeas petition to show a reasonable

probability that, but for the remarks, the result would have been different.[1] *Id*.

Proper jury argument generally falls into one of four categories: summations of the evidence, reasonable deductions from the evidence, answering the opposition's argument, and a plea for law enforcement. *Ward v. Dretke*, 420 F.3d 479, 497 (5th Cir. 2005); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). Here, Petitioner complains that his trial counsel failed to object to the prosecutor's comment that Katrina, Petitioner's wife, did not testify. The state habeas court found that the argument was proper as a summation of the evidence or a reasonable deduction from the evidence. It noted that the prosecutor was responding to Petitioner's testimony that Katrina had been with him and knew about his interactions with Ashley. Petitioner has not shown that the prosecutor's actions were violative of a court order or that they were calculated to inflame the minds of the jury. Nor has he shown that the prosecutor's comments prevented a fair trial.

Petitioner fails to show that the prosecutor's comments were improper; thus, counsel cannot be found to be ineffective for failing to object. The CCA rejected the same issue when it denied his state application for habeas corpus relief. Petitioner has not rebutted the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has failed to prove that his trial counsel performed deficiently, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at

---

[1] Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id*.

402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is meritless.

Eliciting Testimony Concerning Complainant's Fear of Petitioner

Petitioner claims that his counsel was ineffective in eliciting testimony from the complainant that she feared Petitioner would kill her if she reported his actions to anyone. The state habeas court made the following findings and conclusions:

> 60. McDermitt did not believe Ashley was afraid of Applicant.
>
> 61. McDermitt did not think Ashley's fear of Applicant would be believable.
>
> 62. McDermitt's question was a reasonable attempt to expose Ashley's fears as irrational.
>
> 63. McDermitt was not deficient for asking Ashley the question.
>
> 64. Applicant was not harmed by McDermitt asking Ashley what she thought Applicant would do to her if she told about the abuse because he has not show that, but for McDermitt asking the question, he would not have been convicted.

*Ex parte Taylor*, Application No. 66,604-01, at *184.

Trial counsel submitted that his questioning of Ashley was trial strategy. He did not believe that Ashley was afraid of Petitioner and thought that the questioning would show just that. Further, Ashley had already testified, without objection, that she had not reported the abuse earlier because she was afraid what Petitioner might do if he found out, that he had told her to tell nobody, and that, although he had not threatened her, she was afraid of what would happen if she told. Petitioner has failed to prove that his trial counsel performed deficiently, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Trial counsel's strategic choices are virtually unchallengeable after a thorough investigation into the law and relevant facts are made.

16

*Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152.

The CCA rejected the same issue when it denied his state application for habeas corpus relief. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not rebutted the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. This issue is meritless.

## Conclusion

Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle*, 502 U.S. at 67-68, 112 S. Ct. at 479-80; *West*, 92 F.3d at 1404. Petitioner has not rebutted the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d 149-152. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner has failed to show a transgression of his constitutional rights or a miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Accordingly,

his petition should be dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented

are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to his claims.

### Recommendation

It is accordingly recommended that Petitioner's motion for relief under 28 U.S.C. § 2254 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, conclusions accepted and adopted by the district court. *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 26th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE